IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

DONALD ARRINGTON,                        §
                                         §
                      Plaintiff,         §
                                         §   Civil Action No. 3:15-CV-2631-D
VS.                                      §
                                         §
KROGER TEXAS L.P.,                       §
                                         §
                      Defendant.         §

MEMORANDUM OPINION
AND ORDER

In this removed action arising from a slip and fall, plaintiff Donald Arrington

("Arrington") moves for leave to file an amended complaint and seek a remand based on the

allegations of the amended complaint, or alternatively, to dismiss this action without

prejudice under Fed. R. Civ. P. 41(a)(2) and refile the suit in state court.  For the reasons that

follow, the court denies the motion for leave to amend and remand, and it conditionally

grants the alternative motion to dismiss without prejudice.

I

On July 1, 2015 Arrington filed this lawsuit in Texas state court, alleging that he

slipped and fell at a store owned by defendant Kroger Texas L.P. ("Kroger").  Arrington

alleged in his petition that he sought "monetary relief over $200,000 but not more than

$1,000,000."  Pet. ¶ 4.01.  Kroger removed the case to this court based on diversity of

citizenship.  The court entered a scheduling order on August 28, 2015.  On April 28, 2016,

two months before the close of discovery, Arrington filed the instant motion for leave to file

amended complaint and remand, or, alternatively, for dismissal without prejudice.  The following day, Kroger filed a motion for summary judgment.  The court later granted the parties' agreed motion to continue the deadline for Arrington to respond to Kroger's summary judgment motion pending a decision on his instant motion to amend and remand, or dismiss.

Arrington contends that he mistakenly pleaded damages in his state-court original petition in an amount far higher than what he could actually recover; he requests leave to file an amended complaint seeking "monetary relief totaling less than $50,000," P. Br. 2; he moves to remand the case to state court on the basis that his damages fall below the minimum jurisdictional threshold, and that the court should decline to exercise jurisdiction; and he moves, in the alternative, for a dismissal without prejudice under Rule 41(a)(2) so that he can re-file this case in state court.  Kroger opposes both aspects of Arrington's motion, including the motion for voluntary dismissal.  Alternatively, Kroger seeks the following conditions of dismissal: (1) $400 in filing fees incurred when Kroger removed the case to this court; (2) $863.00 in costs that Kroger incurred in taking Arrington's deposition under the federal rules; (3) $18,212.00 in attorney's fees Kroger incurred in conducting conferences, preparing documents, propounding and responding to discovery, and defending the case in this court; and (4) a stipulation that Arrington will seek recovery of damages in state court in an amount of $75,000 or less, exclusive of interests and costs, and, if the jury awards him more than $75,000 in damages, he will agree to a remittitur that establishes the total damages awarded to Arrington at $75,000, exclusive of interests and costs.

- 2 -

II

The court denies Arrington's motion for leave to amend and seek remand.  He plainly

pleaded in his original petition an amount in controversy that made this case removable.  And

he did not move for leave to amend and remand until more than eight months after Kroger

removed the case to this court.

III

The court now turns to Arrington's alternative motion for dismissal without prejudice

under Rule 41(a)(2).

A

Under Rule 41(a)(2), after a defendant has answered, "an action may be dismissed at

the plaintiff's request only by court order, on terms that the court considers proper."

> As a general rule, motions for voluntary dismissal should be
> freely granted unless the non-moving party will suffer some
> plain legal prejudice other than the mere prospect of a second
> lawsuit.  Legal prejudice exists where dismissal causes the
> non-movant to be stripped of an otherwise available defense.
> Dismissal can also cause legal prejudice when a plaintiff fails to
> seek dismissal until a late stage of trial, after the defendant has
> exerted significant time and effort.

*Tex. Midstream Gas Servs., L.L.C. v. City of Grand Prairie*, 2010 WL 3565232, at *2 (N.D.

Tex. Sept. 8, 2010) (Fitzwater, C.J.) (citations, quotation marks, and brackets omitted).

Dismissal should also be refused where the defendant demonstrates: "(1) that dismissal will

preclude the court from deciding a pending case or claim-dispositive motion; or (2) that there

is an objectively reasonable basis for requesting that the merits of the action be resolved in

this forum in order to avoid legal prejudice." *Radiant Tech. Corp. v. Electrovert USA Corp.*, 122 F.R.D. 201, 203 (N.D. Tex. 1988) (Fitzwater, J.). And "[o]utright dismissal should be refused . . . when a plaintiff seeks to circumvent an expected adverse result." *Id.* But absent prejudice to the defendant, "courts should not require that a plaintiff continue to prosecute an action that it no longer desires to pursue. Instead, the court should permit dismissal after imposing any conditions necessary to eliminate harm to the defendant." *Id.* at 204 (citation omitted) (noting that such conditions will vary depending on circumstances of case).

## B

The court concludes that permitting Arrington to dismiss this action without prejudice will not cause Kroger to suffer some plain legal prejudice other than the mere prospect of a second lawsuit. There is no indication in the record that Kroger will be stripped of an otherwise available defense. Arrington has not waited to seek dismissal until a late stage of the case, after Kroger has exerted significant time and effort. Nor does the court find that there is an objectively reasonable basis for Kroger to request that the merits of the action be resolved in this forum in order to avoid legal prejudice. This case has not been set for trial. Although Kroger has filed a motion for summary judgment, it did so *after* Arrington sought to amend and remand or voluntarily dismiss his suit. And the parties agreed to continue Arrington's obligation to respond to Kroger's summary judgment motion, so no potentially case-dispositive ruling is imminent. Finally, while some discovery has taken place, much of it will likely translate to a subsequent lawsuit. As this court suggested in *Radiant Technology Corp.*, even if discovery will not translate to a successive lawsuit, the appropriate

- 4 -

court action is to condition dismissal on the requirement that the plaintiff pay the attorney's fees and costs that are not translatable, not to deny dismissal outright. *See Radiant Tech. Corp.*, 122 F.R.D. at 205 ("AMWC indicates that it desires to dismiss this case in order to pursue an action against Wal-Mart in Texas state court. The appropriate condition for dismissal . . . is to require that AMWC pay the attorney's fees and costs incurred by Wal-Mart that will not translate to the state court action."). In sum, it does not appear that allowing Arrington to dismiss this case voluntarily will necessarily enable it to avoid an adverse, case-dispositive decision or cause Kroger some other plain legal prejudice.

## C

Having determined that it should grant Arrington's alternative motion for voluntary dismissal under Rule 41(a)(2), the court now considers the terms on which it should condition dismissal.

## 1

Rule 41(a)(2) specifically provides that dismissal may be "on terms that the court considers proper" based on the circumstances of the case. "A district court generally imposes terms and conditions when granting a motion for a voluntary dismissal under Rule 41(a)(2) in order to protect the defendant." *Cranford v. Morgan S. Inc.*, 333 Fed. Appx. 852, 855 (5th Cir. 2009) (per curiam). A "plaintiff has the option to refuse a Rule 41(a)(2) voluntary dismissal and to proceed with its case if the conditions imposed by the court are too onerous," although it must make a timely election. *Mortg. Guar. Ins. Corp. v. Richard Carlyon Co.*, 904 F.2d 298, 301 (5th Cir. 1990). The court concludes that the following

conditions should be imposed.

2

Kroger requests that Arrington stipulate that he will seek to recover damages in state court in an amount of $75,000 or less, exclusive of interests and costs, and that, if the jury awards him more than $75,000 in damages, he will agree to a remittitur that establishes the total damages awarded to Arrington at $75,000, exclusive of interests and costs. Arrington does not appear to object to this request. *See* P. Reply 2 (stating, in response to Kroger's request for a stipulation, "[a]s previously mentioned and detailed in Plaintiff's counsel's affidavit, Plaintiff will not be seeking damages in excess of $50,000."). Accordingly, the court conditions the voluntary dismissal of this suit on Arrington's stipulating that he will seek damages in state court in an amount of $75,000 or less, exclusive of interests and costs, and that, if the jury awards him more than $75,000 in damages, he will agree to a remittitur that establishes the total damages awarded to Arrington at $75,000, exclusive of interests and costs.

3

Kroger also requests that Arrington reimburse Kroger for the filing fee that it incurred in removing the case, the costs of taking Arrington's deposition, and $18,212.00 in attorney's fees that Kroger incurred in conducting conferences, preparing documents, propounding and responding to discovery, and defending the case in federal court. Arrington objects to these requests, contending that the Rules of Civil Procedure do not require him to reimburse Kroger for the filing fees associated with removal because Kroger is the party that chose to

- 6 -

remove the case; that any fees and costs incurred in taking Arrington's deposition will not be duplicated in state court because Arrington has agreed to use in state court any discovery already developed in federal court; that it is not Arrington's responsibility to reimburse Kroger for attorney's fees incurred in conducting routine legal services as part of its own decision to remove to federal court, and that most of these fees would have been incurred regardless of the jurisdiction; and that Kroger is required to prove the reasonableness of the $18,212.00 in attorney's fees it is requesting.

The court concludes that Arrington should be required to reimburse Kroger for its taxable costs of court. "When establishing conditions for a voluntary dismissal, 'usually the district judge at least should require that the plaintiff pay the costs of the litigation.'" *Tex. Midstream Gas Servs.*, 2010 WL 3565232, at *4 (quoting 9 Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 2366, at 527 (3d ed. 2008) (noting that such practice "has become commonplace")).

As for Kroger's request for reimbursement of its attorney's fees and the cost of Arrington's deposition, the court conditions dismissal on the requirement that Arrington reimburse Kroger only for the attorney's fees and deposition costs that will not transfer to Arrington's planned state court action. *See Radiant Tech. Corp.*, 122 F.R.D. at 205.

Kroger maintains that

> [t]he filing fee incurred when Defendant removed this case to
> federal court, the costs incurred when Defendant took Plaintiff's
> deposition pursuant to the Federal Rules of Civil Procedure,
> Defendant's work associated with removal, the Rule 26(f)
> Conference, the Joint Status Report, the proposed Scheduling

- 7 -

> Order, Plaintiff's deposition, all of the discovery propounded
> and responded to under the Federal Rules, Plaintiff's Motion for
> Summary Judgment and supporting briefing, as well as the
> briefing on this Motion are of no effect when the case is
> dismissed and refiled in State Court.

D. Br. 5. Although the court recognizes that some of the costs and fees that Kroger describes

will not transfer to the planned state court action (e.g, the federal-court filing fee), it

disagrees that the work described will be "of no effect" once the case is dismissed and refiled

in state court.  For example, Kroger can re-file its motion for summary judgment in state

court after making any needed changes required to comply with state-court briefing rules.

And Arrington has agreed "to allow any discovery conducted so far in this case to be used

in a later action arising from the same incident, in order to prevent the expense of re-

conducting discovery." P. Br. 3.  Kroger's assertion that it will have to re-depose Arrington

because the first deposition was conducted under the Federal Rules of Civil Procedure, and

its contention that it will have to redo all of its discovery requests because of state-court

limitations on discovery, is not supported, particularly considering that Arrington is

essentially waiving his entitlement to rely on such limitations by consenting to the use of

discovery conducted in this court.

The court therefore directs Arrington and Kroger to attempt to agree on the sum that

represents Kroger's attorney's fees and deposition costs that will not transfer to the state

court action.  If the parties can agree to the appropriate amount, they may inform the court,

and the court will enter a conditional order of dismissal.  If the parties cannot agree to the

appropriate amount, Kroger must submit its fee request and accompanying appendix to the

court.  Any response and opposing evidence must be filed within 21 days thereafter.  Kroger may then file a reply within 14 days of the date the response is filed.

After the parties agree to, or the court calculates, the appropriate fees and costs to be paid by Arrington, he will have four options:

> First, [he] can accept the dismissal with its condition[s], in which case the defendant[] ha[s] [an] enforceable judgment[] which [it] can execute.  Second, [he] can decline to dismiss, decline to pay, and "take [his] chances on a trial."  Third, [he] can accept the dismissal and decline to pay, in which case this court may dismiss [the] action[] with prejudice.  Fourth, [he] can withdraw [his] motion[.]

*Radiant Tech. Corp.*, 122 F.R.D. at 205-06 (citations omitted).  Accordingly, within 14 days of the date either that the parties inform the court that they have agreed to the appropriate fees and costs, or that the court files its conditional award, Arrington is ordered to inform the court of the option he has elected.  The court will then proceed accordingly.

**SO ORDERED**.

August 10, 2016.

SIDNEY A. FITZWATER
UNITED STATES DISTRICT JUDGE